UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA

www.flsb.uscourts.gov

### CHAPTER 13 PLAN (Individual Adjustment of Debts)

☒ _____ Original Plan

☐ _____ Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable)

☐ _____ Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable)

DEBTOR: George Lindor          JOINT DEBTOR: _____          CASE NO.: _____

SS#: xxx-xx- 2443              SS#: xxx-xx-_____

## I. NOTICES

**To Debtors:** Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors and a certificate of service filed with the Clerk pursuant to Local Rules 2002-1 (C)(5), 3015-1(B)(2), and 3015-2. Debtor(s) must commence plan payments within 30 days of filing the chapter 13 petition or within 30 days of entry of the order converting the case to chapter 13.

**To Creditors:** Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified or eliminated.

**To All Parties:** The plan contains no nonstandard provisions other than those set out in paragraph VIII. Debtor(s) must check one box on each line listed below in this section to state whether the plan includes any of the following:

| | | |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☒ Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☐ Included | ☒ Not included |
| Nonstandard provisions, set out in Section VIII | ☐ Included | ☒ Not included |

## II. PLAN PAYMENTS, LENGTH OF PLAN AND DEBTOR(S)' ATTORNEY'S FEE

**A. MONTHLY PLAN PAYMENT:** This Plan pays for the benefit of the creditors the amounts listed below, including trustee's fees of 10%, beginning 30 days from the filing/conversion date. In the event the trustee does not retain the full 10%, any unused amount will be paid to unsecured nonpriority creditors pro-rata under the plan:

1. $3,295.60   for months  1  to  10 ;

2. $3,520.00   for months  11 to  60 ;

**B. DEBTOR(S)' ATTORNEY'S FEE:**   ☐ NONE   ☐ PRO BONO

| Total Fees: | $3650.00 | Total Paid: | $1690.00 | Balance Due: | $1960.00 |
|---|---|---|---|---|---|
| Payable | $196.00 | /month (Months  1  to  10 ) | | | |

Allowed fees under LR 2016-1(B)(2) are itemized below:
3500.00 + 150.00

Applications for compensation must be filed for all fees over and above the Court's Guidelines for Compensation.

## III. TREATMENT OF SECURED CLAIMS

**A. SECURED CLAIMS:** ☐ NONE

[Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Lien on Real or Personal Property:

1. Creditor: Freedom Mortgage

   Address: POB 50428
   Indianapolis IN 46250-0401

   Last 4 Digits of Account No.: 3574

   | | | | |
   |---|---|---|---|
   | Arrearage/ Payoff on Petition Date | $22,000.00 | | |
   | Arrears Payment (Cure) | $200.00 | /month (Months  1  to  10 ) |
   | Arrears Payment (Cure) | $400.00 | /month (Months 11 to 60 ) |
   | Regular Payment (Maintain) | $2,600.00 | /month (Months  1  to 60 ) |

   Other:

Debtor(s): George Lindor                                                                Case number:

☐ Real Property                                            Check one below for Real Property:
  ■ Principal Residence                                   ■ Escrow is included in the regular payments
  ☐ Other Real Property                                   ☐ The debtor(s) will pay   ☐ taxes   ☐ insurance directly
Address of Collateral:
9720 NW 5th St., Pembroke Pines, FL

☐ Personal Property/Vehicle
Description of Collateral:

    **B. VALUATION OF COLLATERAL:** ■ NONE

    **C. LIEN AVOIDANCE** ■ NONE

    **D. SURRENDER OF COLLATERAL:** Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution fom the Chapter 13 Trustee.
       ■ NONE

    **E. DIRECT PAYMENTS:** Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution fom the Chapter 13 Trustee.
       ■ NONE

**IV. TREATMENT OF FEES AND PRIORITY CLAIMS** [as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4)]

    **A. ADMINISTRATIVE FEES OTHER THAN DEBTORS(S)' ATTORNEY'S FEE:** ■ NONE

    **B. INTERNAL REVENUE SERVICE:** ■ NONE

    **C. DOMESTIC SUPPORT OBLIGATION(S):** ■ NONE

    **D. OTHER:** ■ NONE

**V. TREATMENT OF UNSECURED NONPRIORITY CREDITORS**

    **A.** Pay   $200.00   /month (Months  11  to  60 )

    Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

    **B.** ☐ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

    **C. SEPARATELY CLASSIFIED:**   ■ NONE

*Debtor(s) certify the separate classification(s) of the claim(s) listed above will not prejudice other unsecured nonpriority creditors pursuant to 11 U.S.C. § 1322.

**VI. EXECUTORY CONTRACTS AND UNEXPIRED LEASES:** Secured claims filed by any creditor/lessor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.
    ■ NONE

**VII. INCOME TAX RETURNS AND REFUNDS:** ■ NONE

**VIII. NON-STANDARD PLAN PROVISIONS** ■ NONE

Debtor(s): George Lindor                     Case number

## PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

_/s/ George Lindor_      Debtor  10/15/2019                              Joint Debtor
George Lindor                    Date                                                                Date


_____        _____
Attorney with permission to sign on           Date
Debtor(s)' behalf

By filing this document, the Attorney for Debtor(s) or Debtor(s), if not represented by counsel, certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph VIII.